UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAD DIE, NANETTE JACKS,
DENISE MOISE, NAMON BANKS,
PHYLLIS BURGESS, ENOSE
CHRISTMAS, BERNADETTE
SIMON, and others similarly
situated,
        Plaintiffs,

vs.                                      CASE NO. 3:10-cv-515-J-37TEM

NEIGHBOR TO FAMILY, INC.,

        Defendant.
_____

**O R D E R**

Review of the instant case discloses that Plaintiffs are presently proceeding as *pro se* litigants. Because Plaintiffs are proceeding in the instant case on a *pro se* basis, the Court will take the opportunity to inform Plaintiffs of some, but not all, of the procedural rules with which they must comply. The Court reminds Plaintiffs of these obligations because **a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel**, including the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the Middle District of Florida.[1] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ.

---

[1]The parties are hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Middle District of Florida. The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

P. 7(a), or of a motion, *see* Fed. R. Civ. P. 7(b).  Each pleading, motion, notice, or other paper shall be presented in a separate document.

Plaintiffs must timely respond to the motions filed by other parties in this case, for if one does not timely respond to such a motion, the Court may assume that individual does not oppose that motion and any relief requested therein.[2]  If a party has missed a filing deadline, the party must file motion seeking leave of Court to file the document out of time. Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within 14 days after Plaintiffs are served with that motion by his/her opponent and may not exceed 20 pages.

Plaintiffs shall not correspond with the Court, or any Judge or Magistrate Judge of the Court, in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure.  Any such correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to Plaintiffs.

All documents filed with the Court must include a caption (the same as is set forth on the complaint); a brief title which describes the nature of the document; the filing Plaintiff's name and signature; and a Certificate of Service.  These last two items are explained below.

All pleadings, motion, or other papers filed with the Court by Plaintiffs must bear original signatures, or they will be rejected by the Court.  Among other things, such

---

[2] Motions that Plaintiffs must respond to include, but are not limited to, Motions to Dismiss under Fed. R. Civ. P. 12(b) and Motions for Summary Judgment under Fed. R. Civ. P. 56.

signatures serve as certification, pursuant to Fed. R. Civ. P. 11 (b), that said document is not submitted for any improper purpose; that the claims or defenses presented therein are warranted by existing law; and that there exists reasonable factual support for allegations or assertions made therein.  Plaintiffs are advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiffs' case.

All pleadings, motions, or other papers filed with the Court by Plaintiffs must also include a signed Certificate of Service.  Such is the filing party's certification that he/she has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.  At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion.  If Plaintiffs seek any relief from, or action by, the Court, or seek the entry of an order of any kind, Plaintiffs must file a proper motion requesting such, which motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure.  Among other things, all motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, *see* Local Rule 3.01(a), which the combined document of the motion and memorandum cannot exceed 25 pages in length.  Further, Plaintiffs are advised that prior to filing most motions, Local Rule 3.01(g) requires the filing party to confer with opposing

counsel. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court, and that failure to comply with such requirements and rules can form the basis for denial of a motion.

Lastly, Plaintiffs are reminded that, although they are proceeding *pro se*, they are not relieved of all obligations that rest upon an attorney. There are still many requirements with which Plaintiffs must still comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs are warned that the failure to comply with these requirements and obligations can have significant consequences. For example, submission of a motion which does not meet the applicable requirements can result in denial of that motion. Plaintiffs' attention is directed to Local Rule 3.05, which provides information concerning case management including the conduct of a case management conference.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiffs' duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED:**

Plaintiffs[3] shall review and comply with the provisions of this order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District, and any applicable statutes and regulations.

---

[3] Plaintiffs Had Die and Phyllis Burgess, who have requested voluntary dismissal from this action, are excused from compliance with this order, pending the Court's ruling on the voluntary dismissal.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of July, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to *Pro Se* Plaintiffs
and counsel of record